The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Garner. The appealing party has shown good ground to reconsider the evidence. The Full Commission reverses the Deputy Commissioner's Opinion and Award and enters the following Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as facts and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The Employer-Employee relationship existed between the Defendant-Employer and the Plaintiff.
3. The New Hampshire Insurance Company is the compensation carrier on the risk.
4. An Opinion and Award was entered on June 19, 1991 by former Deputy Commissioner Nance, and all benefits due were paid pursuant to that Opinion and Award.
5. The issue to be determined by the Commission is whether Plaintiff has suffered a change of condition as of August 31, 1994.
The Full Commission rejects the findings of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. In an Opinion and Award filed June 19, 1991, former Deputy Commissioner Nance found plaintiff had retained a 5% permanent partial disability to his back and had been temporarily totally disabled from the day of the injury of February 9, 1988 until May 17, 1989. At the time that former Deputy Commissioner Nance found that plaintiff sustained a 5% disability she had before her in evidence the 20% rating given by Dr. Vanden Bosch and the 50% rating given by Dr. Shuping. This Award was affirmed by the Full Commission and by the Court of Appeals.
2. Beginning in February of 1992 plaintiff complained to Dr. Shuping of increased pain in the same areas that he complained of in June of 1991 and complained that the distribution of numbness was a little larger. Although plaintiff's subjective symptoms were reported by him as being worse, there were no objective changes indicated by physical exam and Dr. Shuping attributed plaintiff's complaints to scar tissue. It is not unusual for scar tissue to worsen for approximately a year after formation during healing nor is it unusual for the degree of nerve dysfunction to increase during the maturation process of the fibrosis. Consequently, the scar tissue problems and pain were anticipated and taken into account when plaintiff was rated previously. In addition, Dr. Shuping did not change his opinion from 1988 regarding the 50% rating that he had given regarding plaintiff's back prior to his claim for a change of condition.
3. Dr. Vanden Bosch saw Plaintiff on April 8, 1993 and plaintiff reported subjective complaints of pain, however Dr. Vanden Bosch found no change in plaintiff's condition from the time he had examined Plaintiff in 1988 which was the subject of the previous Opinion and Award. Concerning plaintiff's rating, Dr. Vanden Bosch rated plaintiff at 20% in July of 1995 based on plaintiff's 1988 symptoms and the fact that no change of symptoms had occurred since 1988. Ultimately, Dr. Vanden Bosch determined as of 1995 there had been no increase of plaintiff's rating in 1991 since the basis for the assignment of ratings had not changed from 1988 to 1995.
4. However, Dr. Vanden Bosch also noted in his notes of July 11, 1995, that Plaintiff claimed he could sit for only fifteen to twenty minutes, stand for ten minutes or so, had numbness over the lateral side of his foot, and was dragging his right foot after walking a while almost like a foot drop. Nevertheless, Dr. Vanden Bosch had not noticed any numbness in that particular area of Plaintiff's body or the manifestation of dragging the foot prior to July of 1995. Therefore, Dr. Vanden Bosch's testimony that plaintiff sustained a change of condition based on alleged numbness over the lateral side of his foot and dragging of his foot after walking is given little weight since he saw plaintiff at such a late date and furthermore his testimony is based on an inaccurate presentation by plaintiff of his physical symptoms.
5. On March 14, 1989, plaintiff was seen by Dr. Grosshandler who arranged for psychological testing of plaintiff. Plaintiff's MMPI results revealed a defensive response indicating that plaintiff was consciously malingering and Dr. Grosshandler felt that these results accurately depicted plaintiff. (It should be noted that Dr. Shuping, when rendering his opinion regarding plaintiff's rating, did not have the benefit of these test results.) Dr. Grosshandler subsequently released plaintiff on May 17, 1989 with a 5% permanent impairment to his back which was the ultimate determination by former Deputy Commissioner Nance which was affirmed at the appellate level. Furthermore, in 1990 when plaintiff returned to Dr. Grosshandler, his functional capacity evaluation was positive for Waddell signs of non-organic physical impairment which further indicated a psychological component to plaintiff's complaints. Thereafter, he was released to return to work with no restrictions on August 1, 1990 and, as a consequence, Dr. Grosshandler changed his opinion with regard to plaintiff's rating and found plaintiff had no permanent partial disability.
6. Although subjective complaints of increased pain can be the basis of a change is condition, plaintiff's description of his pain is the same as his original description of his complaints of pain and, furthermore, plaintiff's testimony with regard to the worsening of his complaints of pain is not credible. Even if plaintiff, in fact, has suffered more pain, there is not sufficient evidence to show a substantial change of condition following the original injury in that there is insufficient evidence of a change in plaintiff's wage earning capacity due to his complaints of pain. Therefore, he has no increase in permanent partial impairment to the back.
7. Although Plaintiff is not working, this is not causally related to the injury by accident. Therefore, any diminution of wage earning capacity is not as a result of the injury by accident.
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff did not suffer a substantial change of condition since June 1991, therefore he is not entitled to further benefits under the Workers' Compensation Act. N.C. Gen. Stat. § 97-47.
2. Since there is insufficient evidence of record to show that Plaintiff has sustained a diminution in his wage earning capacity as a result of his alleged change of condition, he is not entitled to further benefits pursuant to N.C. Gen. Stat. § 97-29
and § 97-47.
3. Defendants shall pay the costs including an expert witness fee in the amount of $400.00 to Dr. Shuping and $400.00 to Dr. Vanden Bosch to the extent not already paid.
 S/ _____________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ _____________ J. HOWARD BUNN, JR. CHAIRMAN
S/ _____________ LAURA KRANIFELD MAVRETIC COMMISSIONER